UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL D. LAMBERT,

        Plaintiff,

v.                                                         Case No. 15-C-1548

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION
## TO ALTER OR AMEND THE JUDGMENT

Plaintiff Paul Lambert filed this social security appeal challenging the final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act. The court affirmed the Commissioner's decision on February 16, 2017. This matter is now before the court on Lambert's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, Lambert's motion is denied.

**I. Legal Standard**

A Rule 59(e) motion may be granted where a party demonstrates that the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court warrants the alteration or amendment of a previous judgment. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The purpose of a Rule 59(e) motion is to

enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). But the motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). As a result, relief under Rule 59(e) is an "extraordinary remedy" that should only be granted in rare cases. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). The decision to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

**II. Credibility Assessment**

Lambert asserts that the court misunderstood SSR 16–3p in reviewing the ALJ's assessment of Lambert's credibility. Pursuant to SSR 16–3p, the ALJ must engage a two-step process to evaluate a claimant's symptoms. First, the ALJ must determine whether the claimant has established a medically determinable impairment which could reasonably be expected to produce the pain alleged. 20 C.F.R. § 404.1529(b). If such an impairment exists, the ALJ assesses the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit his ability to do basic work activities. 20 C.F.R. § 404.1529(c). Whenever the claimant's statements about the intensity, persistence, or functionally limiting effects of pain are not substantiated by objective medical evidence, the ALJ must consider the claimant's daily activities; the location, duration, frequency, and intensity of his pain; the precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication he takes or has taken to alleviate the pain; other treatment; and any other factors concerning his functional limitations and restrictions. SSR 16–3p, 2016 WL 1119029, at *7.

2

Lambert contends that the ALJ failed to adhere to this two-step analysis. He argues that the ALJ failed to consider whether Lambert had any underlying medical impairments that could reasonably be expected to produce his pain *before* concluding that the objective evidence failed to support his allegations of severe pain and functional limitations related to his impairments. (Pl.'s Br. at 2, ECF No. 26.)

Yet, the ALJ's analysis did comply with SSR 16–3p. At the first step, the ALJ found that Lambert's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." R. 21. Next, the ALJ concluded "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." *Id.* The ALJ then relied on the medical evidence, Lambert's activities of daily living, and the fact that Lambert collected unemployment benefits during his initial alleged period of disability to support this conclusion.

Lambert argues that the ALJ did not properly assess the medical evidence in determining Lambert's credibility, noting that the ALJ failed to cite certain facts from the record that support his subjective complaints of pain. Although at various points in the record Lambert complains of pain, the record reflects that after two SI joint fusion surgeries, he appeared to be doing remarkably well. Lambert underwent a minimally invasive left sacroiliac joint fusion in October 2013. After this first surgery, Lambert had "excellent" results to the point where his leg and back pain were completely gone and he was able to go bowling. When he began experiencing pain in the right SI joint, he underwent SI joint fusion surgery in April 2014. Again, this surgery had an overall positive effect, and Lambert felt minimal pain. While the pain in his left SI joint returned in July 2014, it was not unreasonable for the ALJ to reject Dr. Paul's unsupported March 2014 conclusion that Lambert's condition met or equaled Listing 1.02A. The ALJ concluded there was no medical evidence to

3

suggest that Lambert's complaints of pain in July 2014 would be permanent and not resolve with conservative treatment as it had in the past.

Based on Lambert's immediate improvement after his previous SI joint injections and surgeries, there is no reason not to expect a similar response. The court must afford a substantial amount of deference to an ALJ's credibility determination. *Eichstadt v. Astrue*, 534 F.3d 663, 667–68 (7th Cir. 2008) (citation omitted). This court's job is to determine whether the ALJ's findings are supported by substantial evidence and not to "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Again, the court finds that substantial evidence supports the ALJ's assessment of the medical record.

While "the ALJ's credibility analysis is largely a recitation of the medical evidence demonstrating Lambert is not disabled," (ECF No. 24 at 15), the ALJ also relied on Lambert's activities of daily living and the fact that he collected unemployment benefits during his initial alleged period of disability to assess his credibility. Lambert argues that the ALJ improperly considered Lambert's receipt of unemployment benefits because he received them prior to his alleged onset date. After considering the circumstances, the ALJ's consideration of Lambert's collection of benefits was not inappropriate.

On May 10, 2012, Lambert filed an application for disability benefits, alleging he became disabled on September 19, 2011. At the administrative hearing held on August 19, 2014, Lambert testified that he collected unemployment benefits from September 2011 to January 2013. At the ALJ's suggestion, Lambert amended his alleged onset date to January 1, 2013, the day after he stopped receiving unemployment compensation. (*Id.* at 5.) In his decision, the ALJ noted that

4

although Lambert attempted to moot the issue by amending his alleged onset date, his collection of unemployment benefits reflected adversely on his credibility because it "either evinced an intent to return to work or misuse of the law." (*Id.* at 16 (citing R. 22).) The ALJ's reliance on Lambert's receipt of unemployment benefits was not improper because the ALJ inquired into the circumstances surrounding Lambert's collection of benefits. As the Seventh Circuit articulated in *Schmidt v. Barnhart*, "we are not convinced that a Social Security claimant's decision to apply for unemployment benefits . . . should play absolutely no role in assessing his subjective complaints of disability." 395 F.3d 737, 746 (7th Cir. 2005).

Further, in discussing Lambert's collection of unemployment benefits, the ALJ did not evaluate his overall character, as Lambert suggests. While SSR 16–3p advises that subjective symptom evaluation is not an examination of the claimant's character, it instructs ALJs to "compare statements an individual makes in connection with the individual's claim for disability benefits with any existing statements an individual made under other circumstances." SSR 16–3p, 2016 WL 1119029, at *8. A claimant's application for unemployment benefits represents to "state authorities and prospective employers that he is able and willing to work." *Schmidt*, 395 F.3d at 746. As the ALJ noted, Lambert's receipt of unemployment benefits during his initial alleged period of disability evinced an intent to work which contradicted the statements he made in his application for disability benefits. The ALJ's determination is not an attack on Lambert's character. Rather, his collection of unemployment benefits casts doubt on his credibility regarding his complaints of pain and the intensity and persistence of his symptoms. In short, the ALJ properly considered Lambert's unemployment benefits as one of many factors in assessing his credibility.

5

The ALJ cited numerous factors that reasonably undermine Lambert's credibility, and his findings cannot be said to be patently wrong. Accordingly, there is no basis to overturn the ALJ's decision or amend the judgment.

**III. Evaluation of Medical Opinions**

Lambert also argues that the court should have remanded the case because the administrative law judge erred in evaluating the opinion evidence of his treating physician, Dr. K.S. Paul. He asserts that Dr. Paul's evaluations are consistent and support the severity of Lambert's pain. However, Lambert's argument does not meet the standard under Rule 59(e) to alter or amend the judgment. He has neither presented newly discovered evidence nor argued that the court made a manifest error of law or fact. Instead, Lambert's assertion is merely a restatement of arguments previously rejected by the court. A Rule 59(e) motion cannot be used to reargue the merits of a case. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).

Again, district courts are not in the business of determining whether the claimant is disabled. They must evaluate whether substantial evidence in the record supports the Commissioner's decision. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 388 (7th Cir. 1992). Because Lambert has not shown that the court made a manifest error in law or fact in finding that the ALJ's conclusion is supported by substantial evidence, reconsideration is unwarranted.

**IV. Conclusion**

In sum, none of Lambert's arguments convince me that I committed an error of law or fact in affirming the Commissioner's decision. Accordingly, his motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 26) is **DENIED**.

6

**SO ORDERED** this  20th  day of March, 2017.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court